UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MANUEL VARGAS,<br><br>        Defendant. | Case No.23-xr-90112-LB-1<br><br>**PRETRIAL ORDER** |

At the March 17 motions hearing, the court set a further hearing on May 8, 2023, at 10:30 a.m. and the trial on May 15, 2023, at 10:30 a.m. in Courtroom 14, 18th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The trial will take approximately one hour. The court also set the May 8 hearing to allow Mr. Vargas the time to fix the matters that gave rise to some tickets (see below). The court can extend the time for the trial if it would help Mr. Vargas secure the dismissal of some tickets.

The court orders the following:

1. Both sides will comply with the Federal Rules of Criminal Procedure and Northern District of California's Local Rules. The United States will comply with all of its discovery obligations.

2. **14 days before trial**, the parties must file any motions; the oppositions are due 7 days later, and the replies are due 4 days after the oppositions. The parties must exchange exhibits, exhibit lists, and witness lists by this date. If the parties file motions to be heard on May 8, 2023, they

ORDER (No.  23-xr-90112-LB-1)

must file them before the hearing on the same 14-7-4 day schedule.

3. **7 days before trial**, the parties must file pretrial conference statements that comply with Criminal Local Rule 17.1-1(b), and that include the following attachments (separated by tabs): 1) witness lists; 2) exhibit lists that comply with the court's form (attached) and that include a description and the name of the sponsoring witness; 3) copies of all exhibits to be introduced at trial (may be in a separate volume if necessary); 4) any stipulations; 5) any demonstrative exhibits or summaries to be used at trial; and 6) a copy of the formal charging document (generally, the petty-offense citation). The trial memo must describe the charge, the elements, the penalties, any likely controverted points of law, the evidence to be introduced at trial, and any objections to the other party's evidence. The exhibits must be pre-marked and should be joint to the extent possible; otherwise, the government must number its exhibits, and the defendant must use letters. All documents must be three-hole punched and in a binder.

4. The parties must bring a single, joint set of exhibits in one binder to trial.

5. The government must serve this order on the defendant.

The government advised the court that the abstracts that resulted on the hold on Mr. Vargas's license renewal have been lifted and that Mr. Vargas was able to renew his license.

Mr. Vargas filed a motion challenging federal jurisdiction to issue traffic citations. (ECF No. 10.) As the court explained, the government must prove as an element of the offenses that the violations of the California Vehicle Code took place on federal land. Assuming that the offense took place on land within the exclusive jurisdiction of the United States, the Park Police have the authority to pursue traffic violations. *See, e.g.*, 36 CFR § 1.3 (penalties); *id.* § 1004.20 (right of way). The court denies the motion.

**IT IS SO ORDERED.**

Dated: March 17, 2023

_____
LAUREL BEELER
United States Magistrate Judge